**FLANGAS LAW GROUP**
GUS W. FLANGAS, ESQ.
Nevada Bar No. 4989
E-Mail: gwf@fdlawlv.com
KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail: kps@fdlawlv.com
3275 South Jones Boulevard, Suite 105
Las Vegas, NV 89146
Telephone: (702) 307-9500

*Attorneys for Defendants Lokesh Pathak and Mclob America, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN JEEVA LLC, a Nevada Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> LOKESH PATHAK, and individual; MCLOB AMERICA LLC, a California Limited Liability Company; and MCLOB USA LLC, a California Limited Liability Company, <br><br> Defendants. | Case No: 2:25-cv-01122-JCM-DJA <br><br> **STIPULATION AND ORDER TO STAY DISCOVERY** <br><br> **(FIRST REQUEST)** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26, Plaintiff Green Jeeva LLC ("Plaintiff") and Defendants Lokesh Pathak and McLob America LLC (together, "Defendants"), through their respective counsel, hereby stipulate, subject to the Court's approval, to stay discovery pending resolution of Defendants' Motions to Dismiss Plaintiff's Complaint filed on October 15, 2025 pursuant to Federal Rule of Civil Procedure 12(b), subsections (2), (3), and (6) ("Motions") (ECF Nos. 26 and 27).

Both Motions argue that this Court does not have personal jurisdiction over either Defendant nor is venue appropriate or convenient in this District when there is ongoing proceedings in India that Defendants claim address the same subject matter as Plaintiff's claims in this action. Based upon estimates of the Indian criminal proceedings, the matter should be resolved in approximately four (4) months. Pursuant to LR 26-1 and Fed. R. Civ. P. 26(f), the Parties held the 26(f) Conference on November 14, 2025, and also discussed these issues. While the Plaintiff opposes both Motions and has filed its Oppositions (ECF Nos. 32 and 33), the Plaintiff does agree that the Court should resolve the critical preliminary questions of jurisdiction and venue before any of the Parties spend the time and expense of discovery in this case.

The Discovery Plan and Scheduling Order was due on November 29, 2025. In light of the pendency of the Motions, and L.R. 26-1, the Parties agreed that another 26(f) Conference should be held 21 days after a decision on the Motions to Dismiss and the deadline for the parties' Discovery Plan and Scheduling Order should be extended until 14 days after the extended 26(f) Conference deadline, unless the Court orders otherwise. The Parties filed a prior Stipulation regarding the Discovery Plan (ECF No. 43), which was denied without prejudice to allow the Parties to file this Stipulation through Minute Order (ECF No. 44).

Although "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending," "[c]ourts have broad discretionary power to control discovery," *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (quoting *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011), and citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988)). The Court can, in

1

its discretion, stay discovery for "good cause" under Rule 26. *See* Fed. R. Civ. P. 26(c); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019). The Court should stay discovery if good cause exists and doing so serves "the objectives of Rule 1 to ensure a 'just, speedy, and inexpensive determination of every action,'" *see Kor Media Grp.*, 294 F.R.D. at 581 (quoting *Tradebay*, 278 F.R.D. at 602–03).

However, "[t]he Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery." *See Salazar v. Honest Tea, Inc.*, No. 2:13-CV- 02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015). Thus, a party moving to stay discovery in this District must make a "strong showing why discovery should be denied" by satisfying three requirements: (1) A pending motion is potentially dispositive of the action, 2) The pending dispositive motion "can be decided without additional discovery," and (3) The Court, after taking "a 'preliminary peek' at the merits of the potentially dispositive motion," is "convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Grp.*, 294 F.R.D. at 581 (citing *Tradebay*, 278 F.R.D. at 602–03).

When the pending dispositive motion goes to personal jurisdiction, the Court "rel[ies] on a more lenient approach in the personal jurisdiction context." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022) (citing *Kabo Tools Co. v. Porauto Indus. Co.*, No. 2:12-CV-01859-LDG-NJK, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013)); *see also CC.Mexicano.US*, 2014 WL 12707483, at *1 ("Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction, a less rigorous standard is applied … ."). This more lenient standard also applies where a motion seeks dismissal for improper venue. *See, e.g.*, *Int'l Markets Live, Inc. v. Halterman*, No. 2:18-CV-00187-JADGWF, 2018 WL 11472563, at *1 (D. Nev. July 11, 2018). In *Kabo Tools*, this Court noted that "a pending motion challenging personal jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tools*, 2013 WL 5947138, at *2. In other words, "courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'" *CC.Mexicano.US*, 2014 WL 12707483, at *1.

2

A stay of discovery is particularly appropriate in this case because judicial economy would be disserved by continuing litigation in this District particularly given the proceedings in India, and whether this District much less the United States is the proper forum. The Court should, instead, stay discovery pending resolution of the pending Motions or at a minimum the proceedings in India.

This request is made in good faith and not for the purposes of delay.

Dated this 5th day of December 2025.                    Dated this 5th day of December 2025.

By: */s/Michael R. Hogue*
MICHAEL R. HOGUE, ESQ. (NBN 12400)
JERRELL L. BERRIOS, ESQ. (NBN 15504)
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada  89135

*Counsel for Plaintiff Green Jeeva LLC*

By: */s/Kimberly P. Stein*
GUS W. FLANGAS (NBN 4989)
KIMBERLY P. STEIN (NBN 8675)
3275 South Jones Boulevard, Suite 105
Las Vegas, Nevada 89146

*Attorneys for Defendants Lokesh Pathak and McLob America LLC*

**ORDER**

Considering the stipulation between counsel, and with good cause appearing, the Motion to Stay is GRANTED. In the event that the resolution of the Motions to Dismiss do not result in the dismissal of these two defendants, the Parties are ordered to hold another scheduling conference required by Fed. R. Civ. P. 26(f) 21 days after a decision on the pending Defendants' Motions to Dismiss (ECF Nos. 26 and 27) and the November 29, 2025 deadline for the parties' Discovery Plan and Scheduling Order is extended until 14 days after the extended 26(f) Conference deadline.

IT IS SO ORDERED.

Dated: 12/8/2025

_____
UNITED STATES MAGISTRATE JUDGE

4